UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES P. NELSON, | Case No.: 3:21-cv-00202-ART-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | |
| TIMOTHY FILSON, et al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, it is recommended that this action be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) as a result of Plaintiff's failure to timely serve defendant Matthew Hartwick. As a result, the other pending motions (ECF Nos. 19, 32), should be denied as moot.

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 5.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*)

The court screened Plaintiff's complaint and allowed him to proceed with a single claim of sexual abuse under the Eighth Amendment against Matthew Hartwick. (ECF Nos. 4, 6.)

On March 30, 2022, the court directed the Office of the Attorney General (OAG) to file a notice advising the court whether it could accept service for Hartwick, and if not, to file his last-

known address under seal. If the last known address is a post office box, the OAG was directed to attempt to obtain and provide a last known physical address. (ECF No. 12.)

On April 15, 2022, the OAG filed a notice that it did not accept service for former NDOC employee Hartwick, and filed his last known address under seal. (ECF No. 14.) The last known address was a post office box. (ECF No. 15.) The court ordered the OAG to file a statement explaining whether it attempted to provide a last known physical address. (ECF No. 17.) The OAG filed a notice detailing efforts taken to locate a last known physical address for Hartwick, to no avail. (ECF No. 18.)

On May 26, 2022, the OAG, specially appearing for the NDOC, filed a motion to dismiss on the basis that Plaintiff's action is barred by the statute of limitations and res judicata because a Plaintiff filed a substantially similar lawsuit in State court, which was dismissed with prejudice. (ECF No. 19.) The OAG's motion does not cite authority under which it is permitted to specially appear to assert a defense on behalf of a defendant who has not been served, has not appeared, and has not requested representation by the OAG.

On July 7, 2022, the court issued a notice of intent to dismiss Hartwick without prejudice under Federal Rule of Civil Procedure 4(m) for failure to timely service Hartwick unless a proof of service or good cause for the lack of service was filed by August 6, 2022. (ECF No. 25.)

Plaintiff filed a document on August 8, 2022, stating that Hartwick was served when a copy of the complaint was left with the clerk (ECF No. 26); however, this is not proper service under Federal Rule of Civil Procedure 4.

On August 9, 2022, the court issued an order stating that it undertook an investigation online to locate a last known physical address for Hartwick, and ordered the U.S. Marshals Service to attempt service on Hartwick at that address. The court advised Plaintiff that service of

Hartwick must be completed within 60 days, by October 8, 2022, or Hartwick may be dismissed without prejudice under Rule 4(m). (ECF No. 28.)

The summons was returned as unexecuted, noting that no one by that name lived at the address given to the U.S. Marshals Service. (ECF No. 31.)

On October 3, 2022, Plaintiff filed a motion seeking the entry of default judgment against Hartwick (ECF No. 32); however, for default judgment to be entered against a defendant, that defendant must first be served.

Plaintiff has failed to timely serve Hartwick with the summons and complaint. Therefore, this action should be dismissed without prejudice under Federal Rule of Civil Procedure 4(m). As a result, the OAG's pending motion to dismiss (ECF No. 19) and Plaintiff's motion for the entry of default judgment (ECF No. 32) should be denied as moot.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m), and **DENYING AS MOOT** ECF Nos. 19 and 32.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: October 21, 2022.

_____
Craig S. Denney
United States Magistrate Judge