UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES P. NELSON, | Case No. 3:21-cv-00202-ART-CSD |
| Plaintiff, | ORDER |
| v. | |
| TIMOTHY FILSON, et al., | |
| Defendant. | |

*Pro se* Plaintiff Charles Nelson ("Nelson") brought this action pursuant to 42 U.S.C. § 1983 suing multiple defendants for events that took place while Nelson was incarcerated at Ely State Prison ("ESP"). (ECF No. 1-1 at 1.) Nelson sued Defendants Filson, Harold Byrne, Quinten Byrne, Hartwick, and John Doe. (*Id.* at 1-4.) The only claim that survived screening was an Eighth Amendment claim against Defendant Hartwick. (ECF No. 4.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Denney (ECF No. 34), recommending that Plaintiff's Complaint be dismissed without prejudice and that Plaintiff's motion (ECF No. 32) and Defendant's motion (ECF No. 19) be denied as moot. Also before the Court is Plaintiff's motion for appointment of counsel (ECF No. 38) and Plaintiff's motion for judgment (ECF No. 41). For the reasons set forth below, the Court adopts the R&R and denies Plaintiff's motion for counsel and for judgment as moot.

On March 30, 2022, the court directed the Office of the Attorney General (OAG) to file a notice advising the court whether it could accept service for Hartwick, and if not, to file his last known address under seal. If the last known address is a post office box, the OAG was directed to attempt to obtain and provide a last known physical address. (ECF No. 12.) On April 15, 2022, the OAG

filed a notice that it did not accept service for former NDOC employee Hartwick and filed his last known address under seal. (ECF No. 14.) The last known address was a post office box. (ECF No. 15.) The court ordered the OAG to file a statement explaining whether it attempted to provide a last known physical address. (ECF No. 17.) The OAG filed a notice detailing efforts taken to locate a last known physical address for Hartwick, to no avail. (ECF No. 18.)

On May 26, 2022, the OAG, specially appearing for the NDOC, filed a motion to dismiss on the basis that Plaintiff's action is barred by the statute of limitations and res judicata because a Plaintiff filed a substantially similar lawsuit in State court, which was dismissed with prejudice. (ECF No. 19.) The OAG's motion does not cite authority under which it is permitted to specially appear to assert a defense on behalf of a defendant who has not been served, has not appeared, and has not requested representation by the OAG.

On July 7, 2022, the court issued a notice of intent to dismiss Hartwick without prejudice under Federal Rule of Civil Procedure 4(m) for failure to timely service Hartwick unless a proof of service or good cause for the lack of service was filed by August 6, 2022. (ECF No. 25.)

Plaintiff filed a document on August 8, 2022, stating that Hartwick was served when a copy of the complaint was left with the clerk (ECF No. 26); however, this is not proper service under Federal Rule of Civil Procedure 4.

On August 9, 2022, the court issued an order stating that it undertook an investigation online to locate a last known physical address for Hartwick, and ordered the U.S. Marshals Service to attempt service on Hartwick at that address. The court advised Plaintiff that service of Hartwick must be completed within 60 days, by October 8, 2022, or Hartwick may be dismissed without prejudice under Rule 4(m). (ECF No. 28.)

The summons was returned as unexecuted, noting that no one by that name lived at the address given to the U.S. Marshals Service. (ECF No. 31.)

On October 3, 2022, Plaintiff filed a motion seeking the entry of default judgment against Hartwick (ECF No. 32); however, for default judgment to be entered against a defendant, that defendant must first be served.

Plaintiff has failed to timely serve Hartwick with the summons and complaint. Therefore, Judge Denney recommends that this action should be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

Judge Denney recommends that the OAG's pending motion to dismiss (ECF No. 19) and Plaintiff's motion for the entry of default judgment (ECF No. 32) should be denied as moot.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Plaintiff objects to the R&R under the mistaken belief that the Limited Notice of Appearance, filed for the limited purpose of settlement discussions only at the Early Mediation Conference, is legally equivalent to a Notice of Acceptance of Service. It is not. The Office of the Attorney General did not accept service for Hartwick. (ECF No. 14.) The summons for Defendant Hartwick was returned unexecuted. (ECF No. 31.) He also argues he exhausted all avenues for service, and NDOC is liable for the actions of its officers acting in their official capacities. Because Plaintiff's second objection is premised on what appears to be a

misunderstanding of official and personal capacity suits under Section 1983, the Court provides the following explanation.

State officials sued in their official capacity <u>for damages</u> are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) ("Cornel cannot seek damages from Hawai'i and the parole office because they are not 'persons' under § 1983."); *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Aguon v. Commonwealth Ports Auth.*, 316 F.3d 899, 901 (9th Cir. 2003); *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1992).

State officials sued in their official capacity <u>for prospective injunctive relief</u>, however, are persons for purposes of § 1983. *See Will*, 491 U.S. at 71 n.10; *Cornel*, 37 F.4th at 531 (stating that "state officials are 'persons' under § 1983 when sued for prospective injunctive relief"); *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013); *Flint*, 488 F.3d at 825. In an official-capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. *See Hafer*, 502 U.S. at 25; *Graham*, 473 U.S. at 166.

"By its essential nature, an individual or personal capacity suit against an officer seeks to hold the officer personally liable for wrongful conduct taken in the course of her official duties." *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015). State officials sued in their personal capacity are persons for purposes of § 1983. *See Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (stating that "plaintiffs may seek damages against a state official in his personal capacity."); *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (explaining the Eleventh Amendment does not bar claims for damages against state officials in their personal capacities); *Porter v. Jones*, 319

F.3d 483, 491 (9th Cir. 2003); *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1992).

The capacity in which the official acted when engaging in the alleged unconstitutional conduct does not determine the capacity in which the official is sued. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991) (Official capacity "is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury."); *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1991). Where the plaintiff is seeking damages against a state official, a strong presumption is created in favor of a personal-capacity suit because an official-capacity suit for damages would be barred. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016); *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999); *Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994); *Cerrato v. S.F. Cmty. Coll. Dist.*, 26 F.3d 968, 973 n.16 (9th Cir. 1994).

The conduct alleged against Defendant Hartwick occurred while he was employed with NDOC, but that does not mean that the surviving claim was an official capacity suit. Hartwick was sued in his personal capacity and Plaintiff never perfected service against Hartwick. The Court recognizes that Plaintiff was diligent in his efforts, but the fact remains that service was never perfected against Defendant Hartwick. The Court therefore accepts Judge Denney's Report and Recommendation, dismisses this action without prejudice, and denies as moot the remaining pending motions.

IT IS THEREFORE ORDERED that Magistrate Judge Denney's Report and Recommendation (ECF No. 34) is accepted and adopted in full;

IT IS FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE;

5

IT IS FURTHER ORDERED that Plaintiff's motions (ECF Nos. 32; 38; 41) are DENIED AS MOOT;

IT IS FURTHER ORDERED that Defendant's motion to dismiss (ECF No. 19) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Clerk of the Court enter Judgment and administratively close this case.

DATED THIS 10th Day of March 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE